IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1300-D

| | |
|---|---|
| CAROLINE M. FONVIELLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SPECIALIZED LOAN SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |

On September 20, 2023, Caroline M. Fonvielle ("Fonvielle" or "plaintiff") filed this action pro se against Specialized Loan Servicing, LLC ("Specialized" or "defendant") [D.E. 1]. On October 16, 2023, Specialized moved to dismiss Fonvielle's complaint [D.E. 6] and filed a memorandum in support [D.E. 7]. See Fed. R. Civ. P. 12(b)(6). On November 7, 2023, Fonvielle amended her complaint [D.E. 12]. Fonvielle alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"). On December 4, 2023, Specialized moved to dismiss Fonvielle's amended complaint [D.E. 16] and filed a memorandum in support [D.E. 17]. See Fed. R. Civ. P. 12(b)(6). On December 21, 2023, Fonvielle responded in opposition [D.E. 19]. As explained below, the court grants Specialized's motion to dismiss Fonvielle's amended complaint.

I.

Specialized is a debt collection agency licensed to do business in North Carolina. See Am. Compl. ¶ 2. Fonvielle is a consumer. See id. at ¶ 7. Rushmore Loan Management Services LLC and Truist Bank held an undefined note, presumably concerning Fonvielle. See id. at ¶¶ 28–31. Specialized obtained this note. See id. at ¶ 27. On an unknown day, Specialized sent Fonvielle a

notice of debt. See id. at ¶¶ 12–14, 17. On June 12, 2023, Fonvielle gave Specialized a copy of a chain of title investigation analysis. See id. at ¶ 18. Fonvielle asked Specialized to tell her how it became a party entitled to enforce the undefined note and deed of trust. See id. On June 27, 2023, Specialized responded and gave Fonvielle an unendorsed copy of the undefined note. See id. at ¶ 26. As of November 6, 2023, Fonvielle states that there was "no proper '[n]egotiation' of the '[n]ote' from all previous '[h]olders' as required by state law." Id. at ¶ 32.

In communications that Specialized sent to Fonvielle after Specialized's first notice of debt, Specialized informed Fonvielle that it was a debt collector but that its notice "does not constitute an attempt to collect a debt." Id. at ¶ 19. Because of this language, Fonvielle assumed that Specialized no longer wished to collect her alleged debt. See id. at ¶ 20. On August 31, 2023, however, Specialized sent Fonvielle a notice of intent to foreclose. See id. at ¶ 21. Specialized told Fonvielle it had the right to foreclose on her mortgage on an unknown property. See id. at ¶ 38. Based on Specialized's actions, Fonvielle seeks injunctive relief, statutory damages, punitive damages, and costs. See id. at 8.

II.

On October 16, 2023, Specialized moved to dismiss Fonvielle's complaint. See [D.E. 6]. On November 7, 2023, Fonvielle amended her complaint. See [D.E. 12]. Accordingly, the court denies as moot Specialized's motion to dismiss Fonvielle's complaint.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." Id. (quotation omitted); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

3

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 678–79; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Fonvielle must plausibly allege that (1) she was the object of collection activity arising from a "consumer debt" under the FDCPA, (2) the defendant is a "debt collector" under the FDCPA, and (3) the defendant engaged in an act or omission that the FDCPA prohibits. Boosahda v. Providence Dane LLC, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (per curiam) (unpublished); Rogers v. Keffer, Inc., 243 F. Supp. 3d 650, 663–64 (E.D.N.C. 2017); Hardin v. Bank of Am., N.A., No. 7:16-CV-75, 2017 WL 44709, *4 (E.D.N.C. Jan. 3, 2017) (unpublished); Campbell v. Wells Fargo Bank, N.A., 73 F. Supp. 3d 644, 648 (E.D.N.C. 2014).

A "debt" under the FDCPA is "any obligation or alleged obligation of a consumer to pay money." 15 U.S.C. § 1692a(5). The FDCPA "defines a debt collector as (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 136 (4th Cir. 2016) (emphasis omitted).

Fonvielle states the bare legal conclusion that she "is a consumer and the subject debt is a consumer debt." Am. Compl. ¶ 7. She also alleges that Specialized "has no present right to

4

possession of the property claimed as collateral through an enforceable security interest." Id. at ¶ 34. She never defines the property claimed as collateral or what her obligation is. Thus, Fonvielle does not plausibly allege that the collection activity arises from a consumer debt.

Fonvielle also states that there was "no proper '[n]egotiation' of the '[n]ote' from all previous '[h]olders' as required by state law." Id. at ¶ 32. She then states the legal conclusion that this alleged failure violates the FDCPA. See id. at ¶¶ 35, 39. Fonvielle, however, fails to plausibly allege that Specialized engaged in an act or omission prohibited by the FDCPA. Accordingly, Fonvielle's FDCPA claim against Specialized fails.

III.

In sum, the court DENIES AS MOOT defendant's motion to dismiss [D.E. 6], GRANTS defendant's motion to dismiss [D.E. 16], and DISMISSES WITHOUT PREJUDICE plaintiff's amended complaint [D.E. 12].

SO ORDERED. This 13 day of March, 2024.

JAMES C. DEVER III
United States District Judge